CÁMARA DE COMERCIANTES MAYORISTAS, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* O-73-312      *Resuelto:* 18 de marzo de 1975

*Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Procurador General Interino, y Adolfo J. Vila, Procurador General Auxiliar,* abogados del Secretario de Hacienda; *Benjamín Rodríguez Ramón y Teodoro Peña García,* abogados de la Cámara de Comerciantes Mayoristas, Inc.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Cámara de Comerciantes Mayoristas de Puerto Rico se organizó por término indefinido en el 1932 bajo las disposiciones de la Ley Núm. 22 del 9 de marzo de 1911, ya derogada.

(6 L.P.R.A. secs. 1–6.) El 29 de julio de 1968 la Cámara solicitó del Secretario de Hacienda una opinión sobre si debía ser considerada una agencia de cobros a tenor con la "Ley de Agencias de Cobros", Ley Núm. 143 del 27 de junio de 1968 (10 L.P.R.A. sec. 981 *et seq.*, Suplemento 1973). Dicha ley reglamenta las entidades "dedicadas al negocio de cobrar para otro cualquier cuenta, factura o deuda. . . ." (Art. 2, 10 L.P.R.A. sec. 981a(b).) El Secretario de Hacienda, considerándola como una agencia de cobros, le expidió una licencia con fecha de 29 de enero de 1969. La Cámara, bajo protesta, abonó los derechos de la licencia ya que no se consideraba una agencia de cobros reglamentada por la mencionada ley. Debido a esta actitud, el Departamento de Hacienda decidió investigar sus operaciones de cobro. Esta se negó. El Secretario de Hacienda citó la Cámara a una vista administrativa para que ésta expusiera los motivos por los cuales no debía dictarse orden requiriéndola a que cumpliera con los preceptos de la Ley Núm. 143. Celebrada la vista, el Secretario determinó que la Cámara de Comerciantes era una agencia de cobros y que había incurrido en varias violaciones. No estando de acuerdo con la determinación del Secretario, la Cámara acudió al Tribunal Superior, Sala de San Juan, el cual concluyó que la Cámara no era una agencia de cobros sino un "agente, una mandataria, un *conduit o alter ego* de sus asociados para la protección de éstos, particularmente en lo que concierne al cobro de sus cuentas morosas." Accedimos a revisar.

La Ley Núm. 143 del 27 de junio de 1968 describe las agencias de cobros como individuos, sociedades, asociaciones, fideicomisos, corporaciones y otras entidades jurídicas (Art. 2, 10 L.P.R.A. sec. 981a(a)) dedicadas al negocio de cobrar para otro cuentas, facturas a deudas (Art. 2, 10 L.P.R.A. sec. 981a(b)). Cubre dicho término también aquellas organizaciones, corporaciones, "que operando bajo un nombre que simule ser el de una agencia de cobros, provee a sus clientes de sistemas de cobro y cartas circulares en las cuales se inste

al deudor a hacer sus pagos, ya sea directamente al acreedor o a la agencia de cobros ficticia." (Art. 2, 10 L.P.R.A. sec. 981a (b) *supra.*) Por otro lado el Art. 3 establece que el término "no incluirá aquellas personas cuyas actividades de cobro se concreten y estén directamente relacionadas con la operación de un negocio o profesion . . . ."

El Art. 4 (a) de las Cláusulas de Incorporación de la Cámara de Comerciantes Mayoristas de Puerto Rico establece que es su propósito fomentar la unión y cooperación entre sus asociados en el desarrollo de sus intereses, especialmente en lo referente al otorgamiento y extensión de créditos y la quita, espera y suspensión de pagos. Uno de los medios para lograr este propósito es a través del cobro de cuentas morosas cedidas por sus asociados. Esta gestión cae claramente dentro de la definición de agencia de cobros establecida por la ley. Esta dispone que una agencia de cobros es aquella entidad dedicada al negocio de cobrar para otro. "Negocio", según la Real Academia Española, es cualquier ocupación, quehacer o trabajo. Es todo lo que es objeto o materia de una ocupación lucrativa o de interés. (Diccionario de la Lengua Española, Ed. 1970.) Tal es la actividad de cobro de la Cámara que también maneja cuentas fuera de Puerto Rico (T.E. Vista Administrativa de 24 de mayo de 1971, pág. 31, Folleto de Propaganda, pág. 5, núm. 8, [1] Cap. 16, Art. 21, Reglamento de la Cámara). En el cuestionario del Oficial de Agencia de Cobro del Departamento de Hacienda (Area de Asuntos Financieros, Negociado de Exámenes de Instituciones Financieras), [2] de agosto de

[1] Entre los servicios que ofrece la Cámara se encuentra:

"8. Servicio legal completo y representación eficiente y especializada en las Cortes todas de Puerto Rico y fuera del país, con propósitos de cobros."

[2] Textualmente lee:

"1. ¿Ha sido la agencia autorizada por escrito por los clientes para realizar gestiones de cobros con relación a cuentas, facturas o deudas en todas y cada una de las cuentas vigentes y cerradas de las que existen

1971, en contestación a la primera pregunta, el Sr. Nieves, Administrador de la Cámara, certificó que ésta era una agencia autorizada por escrito por los clientes para realizar gestiones de cobro en relación a cuentas, facturas o deudas. La Cámara ofrece el servicio de cobro de cuentas de asociados a través de cartas del Administrador de la Corporación o gestiones personales de sus abogados y cobradores (Folleto de Propaganda, pág. 5, inciso Núm. 3).[3] También trata de cobrar en cualquier parte cuentas de sus asociados después de que los primeros esfuerzos directos de éstos se hayan agotado. (Folleto, *supra*, núm. 1.) [4]

El servicio de cobro de cuentas morosas de asociados, en algunas situaciones, se extiende a cuentas de no asociados cuando éstos son acreedores de un deudor de alguno de los clientes asociados (Transcripción de Vista Administrativa, celebrada el 24 de mayo de 1971, pág. 26). El no asociado es aceptado con el consentimiento del Presidente de la Junta Directiva de la Cámara. El cliente no asociado al cual se le presta el servicio de cobro tiene las mismas responsabilidades y obligaciones que un asociado (Cap. 16, Art. 22, Reglamento) y por esto, al igual que el cliente asociado,[5] abonará algunos derechos por el servicio prestado (*supra*,

---

expedientes en la oficina?

SI. VÉASE ADEMÁS REGLAMENTO VIGENTE, DE ESTA ASOCIACIÓN DE FINES NO PECUNIARIOS QUE NO ES UNA AGENCIA DE COBROS."

[3] "Entre los servicios que . . . ofrecemos, se cuentan . . .

3. Servicio efectivo de cobros a través de Cartas del Administrador, de nuestros abogados y/o gestiones personales de agentes, cobradores profesionales de gran experiencia."

[4] Así reza el servicio designado como número 1:

"1. Recobrar en cualquier parte, cuentas de los asociados después de que los primeros esfuerzos directos de ellos, se hayan agotado."

[5] A tenor con el Capítulo IV, Art. 9 (g) los cargos a los clientes asociados serán:

5%—Cuando sea una cuenta cedida que se cobre con una carta de la Oficina del Administrador

20%—Cuando la Cámara tiene que usar todas las medidas para cobrar a través de cartas, telegramas, cobradores, etc., con

Art. 23 (a) ). El no asociado que intervenga y concurra en una Junta de Acreedores deberá abonar "por concepto de derechos treinta y cinco porciento (35%) y el cuarenta porciento (40%) cuando la cantidad envuelta es menor de $100.00 del importe líquido que le corresponda en vez del 20% señalado para acreedores asociados. . . ." (Cap. Sexto, Art. 23 (a) ).

Debido a la cesión de cuentas que los clientes hacen a la Cámara se establece taxativamente que los asociados no podrán llevar pleitos en cobro de dinero por su cuenta. (6) (Art. 9 (m), Reglamento.) Sólo la Cámara podrá llevarlos y llegar a transacciones y arreglos, ya que un cliente al utilizar los servicios de la Cámara se despoja de tal derecho. Como corolario a la anterior prohibición también se les veda requerir y admitir devolución o entrega alguna de mercancía en pago o abono de cuentas pendientes de pago. (Art. 9 (f), *supra*). El incumplimiento de alguna de estas disposiciones acarreará la expulsión del cliente asociado de la Cámara. (T.E. Vista Administrativa celebrada el 24 de mayo de 1971, pág. 2.) Estas disposiciones reglamentarias evidencian y enfatizan un control casi absoluto por parte de la Cámara de las actividades de cobro de sus asociados. Tal control la convierte en una organización que actúa en forma idéntica a la agencia de cobros que la Ley Núm. 143 se propone reglamentar. Se cumple, pues, el primer requisito establecido por la ley.

El Sr. Miguel Angel Nieves declaró, en la vista adminis-

---

excepción de demandas por cuentas cedidas hasta $100.00
15%—Por cuentas cedidas de $101.00 a $1,000.00
10%—Cuentas cedidas desde $1,000.01
20%—Como cargo fijo cuando hay que preparar demandas, embargos, registros de reclamaciones de quiebras, etc.

(6) El Art. 9 (m) del Reglamento de la Cámara de Comerciantes Mayoristas dice textualmente:

"Los asociados no podrán llevar por sí solos pleitos en cobro de dinero ni ejecutar embargos contra deudores en los cuales estén afectados otros asociados, debiéndose iniciar dicho procedimiento *solamente a través de la Cámara*." (Énfasis suplido.)

trativa celebrada el 24 de mayo de 1971, que la Cámara en su procedimiento de cobro incluye cartas de cobro del Administrador y sistemas de pago para el deudor que no puede pagar la totalidad de lo adeudado. El procedimiento comienza con el envío de una carta del Administrador de la Cámara al deudor dándole un tiempo razonable para pagar su deuda directamente a la Cámara. Cuando el deudor acude a las oficinas de la Cámara o contesta la carta, se le prepara un plan de pago de acuerdo a sus posibilidades pecuniarias. Si el deudor paga su obligación, el dinero se distribuye proporcionalmente entre sus acreedores comunes, asociados o no asociados.

En la situación en que el deudor no apareciese, la Cámara lo trata de localizar y procura que firme un pagaré en el cual se comprometa a pagar lo adeudado en determinado término. Si al vencer el término el deudor no cumple con lo pactado, se procede a hacer una investigación para determinar si el deudor tiene alguna propiedad embargable para así proceder a radicar una demanda en cobro de dinero (T.E. Vista, *supra*, págs. 6, 7 y 10). Es la Cámara la que tiene el derecho exclusivo de llevar a cabo los procedimientos de embargo (Art. 3 (a), Cláusulas de Incorporación) y de quiebra. (Art. 4 (a), Cláusulas, Art. 2 (a) *supra*.)

Es pertinente apuntar que un asociado deberá informar al Presidente de la Cámara de Comerciantes cualquier arreglo concertado con un deudor por el cual se establezca un plan de pago. El asociado vendrá en la obligación de traspasar su acreencia, si ésta es solicitada por la institución.

Otro servicio, muy semejante al de una agencia de cobros, que provee esta organización es el de publicar listas de deudores y el estado de sus deudas. Se publica información confidencial sobre clientes cuyos casos han sido radicados en los Tribunales (Folleto, *supra*, pág. 5, núm. 5). [7]

---

[7] Dice el servicio denominado número 5:
"5. Información confidencial sobre clientes cuyos casos hayan sido radicados."

También la Cámara ha establecido un Departamento de Información de Crédito el cual envía informes confidenciales de sus deudores a los asociados de la Cámara.

En cuanto al requisito de "que la actividad de cobro no esté directamente relacionada con la operación de un negocio o profesión" también se cumple por la Cámara. Esta corporación tiene como operación principal el cobro de deudas y claramente, no es ésta una función que se concrete y que esté "directamente relacionada con la operación de un negocio o profesión que no sea el de una agencia de cobros. . . ." Esa es precisamente su actividad principal: agente cobrador de sus asociados. Tal actividad la enmarca dentro de las disposiciones reguladoras de la Ley de Agencias de Cobro. Su propio lema lo sostiene, tal como aparece en su folleto de propaganda: "Use sus vendedores para vender y la Cámara para cobrar."

Como palabra final diremos que hay suficiente identidad separada entre la Cámara y sus asociados que impide que la primera sea considerada como simple brazo de éstos. Singularizada la Cámara como empresa aparte del grupo de mayoristas para quien cobra, ha de considerársele agencia de cobros, extendiendo a sus deudores toda la protección provista por la citada Ley Núm. 143. La solución no es opresiva para la Cámara mientras no incurra en las prácticas que el legislador se propuso corregir con dicho estatuto. Sus deudores tendrán un amparo que no arranca de la bondad de su acreedora, sino de la fuerza coactiva de la Ley.

Procede, por tanto, *revocar la sentencia recurrida y se dictará otra en el sentido de que la Cámara de Comerciantes es una agencia de cobros sujeta a la reglamentación dispuesta por la Ley Núm. 143 de 27 de junio de 1968.*

El Juez Asociado Señor Martín no intervino.